## INTERNATIONAL CARRIER–CALL & TELEVISION CORPORATION v. RADIO CORPORATION OF AMERICA.

District Court, S. D. New York.
April 13, 1943.

See, also, 50 F.Supp. 759.

L. Stewart Gatter, of New York City, for plaintiff.

Wright, Gordon, Zachry, Farlin & Cahill, of New York City (Fred J. Knauer, John B. Cuningham, and Lawrence J. McKay, all of New York City, of counsel), for defendant.

BRIGHT, District Judge.

The defendant's motion seeks (1) summary judgment upon all of the issues, or (2) partial summary judgment dismissing the complaint in so far as it seeks injunctive relief, and (3) defining the issues to be tried pursuant to Rule 56(d) of the Federal Rules of Civil Practice, 28 U.S.C.A. following section 723c.

The complaint seeks relief from alleged unfair competition by the defendant in its alleged simulation of a communication or intercommunication apparatus manufactured and sold under the trade name of "Carrier Call". It alleges that the defendant in August 1937, began the manufacture and sale or caused others to manufacture and sell, or caused to be sold in New York or elsewhere in the United States, a certain two-way intercommunicating system, using the circuits and essential elements discovered and developed by the plaintiff and covered by its exclusive license agreement with American Carrier Call Corporation, its subsidiary, and housed such apparatus so that it appeared so similar to those manufactured and sold by the American Corporation as to be intended, and, in fact, did deceive purchasers of "Carrier Call" apparatus.

The complaint is double barreled in that plaintiff seeks relief in its own right as owner of the patents upon the apparatus and as licensor of the American Carrier Call Corporation, reserving all right of action for unfair competition and trade by

third persons, and secondly, as assignee by mesne assignments from the trustee in bankruptcy of the American Corporation of all claims which that trustee might have against the defendant.

This plaintiff had previously brought action against this defendant and another alleging infringment of claims 2 and 4 of its patent for the intercommunicating system mentioned and for alleged unfair competition in the manufacture and sale thereof. That action was tried before Judge Woolsey, and resulted in a judgment upon the merits against the plaintiff upon both causes of action. That judgment is set up in the motion papers as res judicata of most of the issues involved in this action. That defense is not pleaded in the defendant's answer, as required by Rule 8(c), and it is doubtful, in my opinion, if it is available. Rule 12(b) (h). Obviously the reason why it is not pleaded is because the adjudication of Judge Woolsey was not entered in the previous action until January 25, 1943, the answer in this action having been filed on May 20, 1942. Assuming, however, that it is properly before the court, I have no doubt that it is a defense to so much of the cause of action here asserted as plaintiff may have in its own right. Plaintiff says that it is not because it contemplates an appeal. No appeal has been taken, and if it had, the judgment is a finality until reversed or otherwise modified.

There remains so much of the cause of action asserted by the plaintiff as assignee of whatever claim its subsidiary American Carrier Call Corporation may have had against the defendant. As to that, I think there are questions of fact which should be disposed of upon a trial. What they are should be left for the trial judge. I do not care to anticipate him.

The second portion of this motion relates to the injunctive relief sought. The complaint alleges in paragraphs 18 and 19 as the basis of this relief that plaintiff is endeavoring to restore its product to the commercial market by licensing others under its trade names and inventions, that the activities and misrepresentations of defendant prevent its so doing, and that unless defendant is enjoined from continuing to use plaintiff's circuits, designs, trade names, trade marks and secrets, it will suffer irreparable damage. The relief sought under this head is a restraint of defendant from manufacturing and selling, advertising or offering for sale or causing others so to do

any two-way intercommunicating system similar in appearance and construction to that of the American Carrier Call Corporation, or making use of plaintiff's trade name, marks, secrets or circuits, or in any way making use of or exploiting plaintiff's common-law rights. Any rights of the American Carrier Call Corporation have ceased; it is apparently defunct, and those rights have been transferred. An injunction would not ordinarily issue to restrain consummated wrong-doings, if any there were, as against the American Corporation. Whatever rights remain in plaintiff to enjoin relate to acts threatened in the future which are those of plaintiff in its own right. It would seem to me that plaintiff is estopped by the judgment mentioned, but it not having been pleaded, I cannot see how it is available at this time as a defense.

And, finally, defendant asks that certain portions of the complaint be stricken and that the issues remaining be defined. I do not think that relief can be granted at this time. The allegations in the Fifth paragraph of the complaint. relating to plaintiff's patents, in the Twelfth paragraph relating to the willful disregard of plaintiff's rights in the preparation and offering for sale of an article in imitation of plaintiff's, in the Fourteenth paragraph relating to the disparaging of plaintiff's patent, in the Fifteenth paragraph relating to the great loss and damage to plaintiff, and in the Sixteenth with reference to alleged misrepresentations respecting the worthlessness of plaintiff's patents and license to its subsidiary, are all tied in with the defense of res judicata. And even were that defense pleaded, it would not be, in my opinion, ground for striking those allegations out. They would not come within the condemnation of Rule 12(f); they might be relevant and material to plaintiff's cause of action subject to a defense of res judicata when the facts appeared upon the trial. The allegations contained in the Sixth and Eleventh paragraphs relating to similarities are likewise not within the condemnation of the rule last cited. They can be controverted, but, nevertheless, are material to a cause of action similar to that attempted to be pleaded by the plaintiff.

For the several reasons mentioned, in view of the state of the pleadings and the dispute of facts appearing by the papers submitted, the issues to be tried cannot be defined.

The motion is denied.