■ Ernest Klein, Respondent, v. Oscar Gruss & Son, Appellant.— In an action to recover damages for breach of a stock brokerage contract, the defendant, by permission of this court, appeals from so much of an order of the Appellate Term of the Supreme Court, dated December 22, 1961, as: (1) reversed an order of the former Municipal Court of the City of New York, entered June 24, 1961, which denied plaintiff's motion for summary judgment; and (2) granted said motion to the extent of awarding partial summary judgment to plaintiff for $645.83. Order of the Appellate Term, insofar as appealed from, reversed, with costs, and plaintiff's motion for summary judgment denied. On the same day

two orders were entered in the Municipal Court. One, referred to above, denied plaintiff's motion for summary judgment. The other *granted* a cross motion by defendant for summary judgment, dismissing the complaint. The plaintiff appealed from both orders to the Appellate Term. That court directed relief to plaintiff on *his* motion as aforesaid, but *dismissed* the appeal from the order granting summary judgment to the defendant on the ground that said order was not appealable without permission (cf. N. Y. City Mun. Ct. Code, § 154). The Municipal Court order granting summary judgment to the defendant finally disposed of the action and determined the issues between the parties. As long as it stands unreversed it is as final and conclusive as a judgment after trial (*Riley* v. *Southern Transp. Co.,* 278 App. Div. 605; *Eidelberg* v. *Zellermayer,* 5 A D 2d 658, 662–663, affd. 6 N Y 2d 815). The subsequent order of the Appellate Term, granting partial summary judgment to the plaintiff was, accordingly, erroneously made. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.