David Lee **HARRIS**, Plaintiff,

v.

Benjamin C. **WARD** et al., Defendants.

No. 76 Civ. 2307.

United States District Court, S. D. New York.

Aug. 20, 1976.

David Lee Harris, pro se.

Messinger, Alperin & Hufjay, Mount Vernon, N. Y., for defendant Lewis E. Alperin; Lewis E. Alperin, Mount Vernon, N. Y., of counsel.

Irving Anolik, New York City, for defendant Robert Florsheim.

## OPINION

EDWARD WEINFELD, District Judge.

This action under the Civil Rights Acts,[1] like a number of similar cases in this Court, follows in the wake of the plaintiff's conviction in the New York State Supreme Court, pursuant to which he is now serving a sentence of 7½ to 15 years for attempted robbery in the first degree. He has named as defendants virtually all who had any role, whether as prosecution or defense, in the proceedings against him, including the arresting officers, the Assistant District Attorney who was the trial prosecutor, his superior the District Attorney of Bronx County, three lawyers who were appointed at different times to defend plaintiff in the criminal case, two officials of Queens Hospital Center, the State Commissioner of Corrections, and two private citizens whose statements to the police allegedly led to an investigation and plaintiff's arrest.

Defendants Alperin and Florsheim, two of the lawyers appointed to represent plaintiff, move under Rule 12(b)(6), Fed.R.Civ.P., to dismiss the complaint against them for failure to state a claim. Plaintiff cross-moves for summary judgment against defendant Alperin. Liberally read,[2] the complaint alleges that Alperin and Florsheim, who were assigned to represent plaintiff pursuant to Article 18–B of the County Law,[3] were negligent and incompetent in their representation of plaintiff in: (1) failure to press plaintiff's request to testify before the grand jury which indicted him; (2) failure to prevent an allegedly prejudicial line-up; (3) efforts to persuade plaintiff to plead guilty to a lesser charge; and (4) failure to obtain by subpoena allegedly exculpatory hospital records. This alleged negligence and incompetence, according to plaintiff, caused a violation of his constitutional rights.

42 U.S.C. § 1983 imposes liability upon "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory," deprives a person of constitutional rights. It is well-established, however, that court-appointed counsel defending an accused does not act under color of state law.[4] While "willful" participation by private persons "in joint activity with the State or its agents" satisfies the color of law requirement,[5] the only allegations that Alperin and

1. 42 U.S.C. §§ 1983, 1985(3).

2. *See Williams v. Vincent*, 508 F.2d 541, 543 (2d Cir. 1974).

3. N.Y.County Law §§ 722 *et seq.*

4. *Page v. Sharp*, 487 F.2d 567, 569–70 (1st Cir. 1973); *Barnes v. Dorsey*, 480 F.2d 1057, 1060–61 (8th Cir. 1973); *Thomas v. Howard*, 455 F.2d 228, 229–30 (3d Cir. 1972); *French v. Corrigan*, 432 F.2d 1211, 1214–15 (7th Cir. 1970), *cert. denied*, 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). *See also Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975); *Lefcourt v. Legal Aid Society*, 445 F.2d 1150, 1153–57 (2d Cir. 1971).

5. *United States v. Price*, 383 U.S. 787, 794 & n.7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

**662**

Florsheim were involved in such a conspiracy are so vague and conclusory that they do not suffice to establish a cause of action under § 1983.[6] Nor does the complaint allege, as is necessary, that the purported conspiracy encompassed an "intentional and purposeful deprivation of constitutional rights."[7] Since these defendants were not acting under color of law, the complaint fails to state a claim under 42 U.S.C. § 1983.

 The claim under § 1985(3)[8] is also fatally deficient. While liability under this section does not require state action, it does require that defendants be motivated by a "racial, or perhaps otherwise class-based, invidiously discriminatory animus" to deny plaintiff equal protection of the laws.[9] Plaintiff does not allege any class basis to the alleged conspiracy against him; he thus fails to state a claim under § 1985(3).[10]

The motion of defendants Alperin and Florsheim to dismiss the complaint is granted. The dismissal renders moot plaintiff's motion for summary judgment.

---

**6.** *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975); *Powell v. Jarvis*, 460 F.2d 551, 553 (2d Cir. 1972); *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964).

**7.** *Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964); *Sams v. New York State Board of Parole*, 352 F.Supp. 296, 302 (S.D.N.Y.1972).

**8.** "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of

such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

**9.** *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

**10.** *Kletschka v. Driver*, 411 F.2d 436, 447 (2d Cir. 1969); *Bergman v. Stein*, 404 F.Supp. 287, 294 (S.D.N.Y.1975); *Barrett v. United Hospital*, 376 F.Supp. 791, 806 (S.D.N.Y.), *aff'd without opinion*, 506 F.2d 1395 (2d Cir. 1974).