John Anthony HOUSAND, Appellant,

v.

Maxwell HEIMAN, Appellee.

No. 543, Docket 78–2046.

United States Court of Appeals, Second Circuit.

Submitted Jan. 8, 1979.

Decided March 20, 1979.

John Anthony Housand, pro se.

Joseph F. Skelley, Jr. and Jeffrey L. Williams, Hartford, Conn. (Skelley, Vinkels, Williams & Rottner), Hartford, Conn., for appellee.

Before KAUFMAN, Chief Judge, SMITH and OAKES, Circuit Judges.

PER CURIAM:

This is an appeal by a petitioner acting *pro se* from a dismissal of his claims based on alleged deprivation of constitutional rights, in the United States District Court for the District of Connecticut, M. Joseph Blumenfeld, *Judge.* We affirm in part, reverse in part, and remand.

Plaintiff John Anthony Housand is currently serving a prison sentence in a federal penitentiary in Memphis, Tennessee as the result of his conviction in 1976 for conspiracy to violate 18 U.S.C. § 1001 and § 1503, and for making false statements to a grand jury. *See United States v. Housand,* 550 F.2d 818 (2d Cir.), *cert. denied,* 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977). In his trial on these federal charges, Housand was represented by a court-appointed attorney, Maxwell Heiman.

According to Housand's complaint, Attorney Heiman's representation was so inadequate as to violate plaintiff's constitutional rights. Allegations of misconduct by Heiman include his refusal to consult with his client, refusal to interview witnesses, refusal to investigate possibly perjured testimony used as the basis for the indictment, and refusal to file pretrial motions on his client's behalf.

Housand brought a civil action against his former attorney, asking for $20 million in damages. Acting *pro se,* Housand invoked jurisdiction of the federal court under 28 U.S.C. §§ 1331, 1332 and 1343, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and amendments four, five, six, eight and fourteen of the Constitution. Judge Blumenfeld dismissed the complaint on the ground that no state action was present in the case of court-appointed attorneys, and thus § 1983 jurisdiction would not lie. And, since no racial or class bias had been alleged, Judge Blumenfeld found no cause of action under § 1985.

Section 1983 permits any person to recover damages or other relief from another who has deprived him of his constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . ." 42 U.S.C. § 1983.[1] While most courts ruling on civil rights actions against public defenders or court-appointed attorneys under this statute have agreed in denying recovery, this result has been based on different grounds.

On the one hand, many courts have ruled that public defenders or court-appointed de-

1. Since Housand was tried in federal court and his suit here is against a federal court-appointed attorney, § 1983 is not strictly applicable. An action against a federal officer would have to be brought under general constitutional provisions, as in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, since a *Bivens*-type suit requires federal action in the same manner as § 1983 requires state action, the analysis in the case of civil rights actions against court-appointed attorneys is similar. *See Page v. Sharpe,* 487 F.2d 567, 570 (1st Cir. 1973).

fense attorneys do not act "under color of law." This is the law in this circuit. *See Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1975); *Lefcourt v. Legal Aid Society,* 445 F.2d 1150 (2d Cir. 1971); *Harris v. Ward,* 418 F.Supp. 660 (S.D.N.Y.1976). *Accord, U. S. ex rel. Simmons v. Zibilich,* 542 F.2d 259 (5th Cir. 1976) (per curiam); *Page v. Sharpe,* 487 F.2d 567 (1st Cir. 1973); *Espinoza v. Rogers,* 470 F.2d 1174 (10th Cir. 1972) (per curiam); *U. S. ex rel. Wood v. Blacker,* 335 F.Supp. 43 (D.N.J.1971).

On the other hand, some courts have found that even if state action were present in the activities of public defenders or court-appointed attorneys, these defense lawyers enjoy some form of immunity against a § 1983 claim. *See Robinson v. Bergstrom,* 579 F.2d 401 (7th Cir. 1978) (per curiam); *Miller v. Barilla,* 549 F.2d 648 (9th Cir. 1977); *Minns v. Paul,* 542 F.2d 899 (4th Cir. 1976), *cert. denied,* 429 U.S. 1102, 97 S.Ct. 1127, 51 L.Ed.2d 552 (1977); *Brown v. Joseph,* 463 F.2d 1046 (3d Cir. 1972), *cert. denied,* 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973). In general, these grants of immunity are based on policy reasons which equate the functions served by public defenders and court-appointed attorneys with those served by prosecutors, given absolute immunity from § 1983 suits in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).[2]

Whichever approach is taken, however, the plaintiff has no cause of action under 42 U.S.C. § 1983[3] or a similar analysis of general constitutional claims, and Judge Blumenfeld was correct in dismissing the complaint as to those grounds.

The district court was also correct in finding no legitimate claim under 42 U.S.C. § 1985(2) or (3), since no facts were pleaded to show any racial or class biased action. *See Harris v. Ward, supra,* 418 F.Supp. at 662; *Hahn v. Sargent,* 523 F.2d 461, 468 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 54 (1976), *citing Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Though § 1985 is framed so as not to require action under color of law in the same manner as § 1983, Housand's allegations are so vague and conclusory as to render his claim under this section insufficient.

Since there was no basis, then, for a claim under the Civil Rights Act or the Constitution, the district court was correct in dismissing Housand's complaint on those grounds. There is, however, another ground upon which federal jurisdiction may be based and which was not considered by the district court.

In his complaint, Housand lists 28 U.S.C. § 1332, dealing with diversity, as one of the bases for federal jurisdiction over his case. Though he does not make clear in his pleadings on what facts his diversity claim is based, *pro se* papers should be read liberally, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and Housand should be given the chance to allege facts upon which diversity jurisdiction may be anchored.

Attorney Heiman is presumably a citizen of Connecticut. Since Housand may be domiciled in Rhode Island,[4] North Carolina,[5]

2. Some commentators, however, have questioned the accuracy and usefulness of the analogy between public defenders and prosecutors. *See* Note, *Extension of Absolute Immunity to Court-Appointed Counsel,* 1977 Wash.U.Law Q. 155.

3. It is true that private individuals not acting under color of law may be found liable for § 1983 violations if working in concert with officials whose activities are under color of law. *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1965); *Slavin v. Curry,* 574 F.2d 1256, 1263 (5th Cir. 1978); *Fine v. City of New York,* 529 F.2d 70, 75 (2d Cir. 1975). However, since Housand's claims

of conspiracy are so vague, they are insufficient to support a § 1983 violation under this theory.

4. Events related to the conspiracy for which Housand was convicted included the theft of M–16 rifles from an armory in Rhode Island and the murder in Connecticut of a witness to the theft. *United States v. Housand,* 550 F.2d 818, 820 (2d Cir.), *cert. denied,* 431 U.S. 970, 97 S.Ct. 2931, 53 L.Ed.2d 1066 (1977).

5. Housand was serving time in a North Carolina state prison in 1973–74, and may have acquired domicile there. *Housand, supra,* 550 F.2d at 820. While some courts have held that

or some other state, he may be able to establish diversity jurisdiction of the court.[6]

Housand, though not alleging a sufficient federal claim as discussed, pleads a sufficient claim of attorney malpractice under Connecticut law. *See Spring v. Constantino,* 168 Conn. 563, 362 A.2d 871 (1975). He should not be deprived of his chance to make his case in federal court if he can show a valid ground for exercising jurisdiction of that court. *See Rotolo v. Borough of Charleroi,* 532 F.2d 920, 922 (3d Cir. 1976) (per curiam).

The district court's dismissal of Housand's claims as to the constitutional issues is affirmed, but the case is remanded with instructions to allow amendment of the complaint within a reasonable time to state a claim, if any exists, under diversity jurisdiction.

a prisoner may not claim newly acquired citizenship in the state in which he is imprisoned, *Wright v. Redding,* 408 F.Supp. 1180 (E.D.Pa. 1975); *Polakoff v. Henderson,* 370 F.Supp. 690 (N.D.Ga.1973), *aff'd,* 488 F.2d 977 (5th Cir. 1974), the more recent trend seems to be in the direction of allowing a prisoner to try to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration.

*Jones v. Hadican,* 552 F.2d 249 (8th Cir.), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2658, 53 L.Ed.2d 260 (1977); *Stifel v. Hopkins,* 477 F.2d 1116 (6th Cir. 1973).

6. Diversity is determined by examining citizenship as of the time suit is commenced. *Hoefferle Truck Sales v. Divco-Wayne,* 523 F.2d 543 (7th Cir. 1975).