**Marco CERBONE, Plaintiff,**

v.

**COUNTY OF WESTCHESTER, Carl A. Vergari, Village of Pelham Manor Police Department, Norman D. Himmelfarb, Defendants.**

**No. 80 Civ. 3589.**

United States District Court, S. D. New York.

Feb. 18, 1981.

Marco Cerbone, pro se.

Rothschild, Esposito, Himmelfarb & Sher, White Plains, N. Y., for defendant Norman D. Himmelfarb; Norman D. Himmelfarb, Roslyn, N. Y., of counsel.

George P. Forbes, Jr., Larchmont, N. Y., for Village of Pelham Manor.

Samuel S. Yasgur, Westchester County Atty., White Plains, N. Y., for defendant County of Westchester; Lesley F. Levine, Asst. County Atty., White Plains, N. Y., of counsel.

Carl A. Vergari, Dist. Atty. of Westchester County, White Plains, N. Y., pro se; Janet Cunard, Asst. Dist. Atty., White Plains, N. Y., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Marco Cerbone, the plaintiff, after a jury in Westchester County Court failed to reach a verdict, was convicted upon a retrial on charges of burglary in the third degree, petit larceny and criminal mischief. He is now serving concurrent sentences of 3–6 years, 1 year and 1 year respectively on these charges.

Notwithstanding that his judgment of conviction is in effect and his appeal to the Appellate Division remains unperfected to date, Cerbone commenced this action pursuant to 42 U.S.C. § 1983 seeking injunctive relief and damages against the District Attorney of Westchester County, the County of Westchester, his defense attorney and the Police Department of the Village of Pelham Manor for alleged violations of his constitutional rights with respect to his arrest, trial and conviction.[1] All defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted or for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Cerbone, upon his affidavit, has cross-moved for summary judgment pursuant to Rule 56. The defendants have submitted opposing affidavits and press their motions under Rule 12. The issues presented by plaintiff's motion bristle with genuine issues of fact; accordingly, his cross-motion for summary

---

1. A habeas corpus proceeding based upon the same series of events is currently pending before Judge Motley of this Court. 80 Civ. 2647.

judgment is denied. The defendants' motions are granted. In reaching this conclusion, the Court has examined the complaint mindful that the pleading requirements are considerably more relaxed for plaintiffs proceeding pro se [2] and that it should not be dismissed unless it appears beyond doubt that Cerbone can prove no set of facts in support of his claim that would entitle him to relief.[3]

### District Attorney

Cerbone alleges that Carl A. Vergari, District Attorney of Westchester County, maliciously prosecuted him, suborned perjury before the grand jury that indicted him, inadequately instructed that grand jury and suppressed evidence at his trial. Entirely apart from the absence of the slightest factual support for these allegations, under *Imbler v. Pachtman,*[4] a prosecutor in initiating a prosecution and in presenting the state's case, is absolutely immune from liability under § 1983 for judicial (as opposed to investigative or administrative) functions he performs.[5] The crucial issue under *Imbler* thus is the nature of the official behavior challenged rather than the title of the acting official.[6] A prosecutor is absolutely insulated from liability when his actions directly concern

the pretrial or trial phases of a case.[7] This absolute immunity extends to a prosecutor falsifying evidence, suborning perjury,[8] and withholding evidence.[9] Similarly, a prosecutor's actions before a grand jury are clearly "intimately associated with the judicial phase" of the criminal proceeding and with "the course of a prosecution" and thus are immune from § 1983 liability.[10] Accordingly, the claims against Vergari are dismissed.

### County

Cerbone's claims against defendant the County of Westchester all arise out of the acts of its employee, District Attorney Vergari. It is well settled that a municipality cannot be held liable under § 1983 unless a plaintiff was deprived of a legal right by "official municipal policy of some nature."[11] Official policy may be inferred from the informal acts or omissions of supervisory municipal officials.[12] Official policy ordinarily cannot be inferred, however, from a single incident of illegality, unless the incident is unusually brutal or egregious, evidencing deliberate indifference or gross negligence on the part of the municipal officials, or there is other evidence of

2. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Martin v. Merola,* 532 F.2d 191, 198 n.5 (2d Cir. 1976); *Williams v. Vincent,* 508 F.2d 541, 543 (2d Cir. 1974).

3. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Williams v. Vincent,* 508 F.2d 541, 543 (2d Cir. 1974); *Pyles v. Keane,* 418 F.Supp. 269, 274 (S.D.N.Y.1976).

4. 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

5. *Id.* at 430–31, 96 S.Ct. at 994–95; *see Lee v. Willins,* 617 F.2d 320, 321 (2d Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980).

6. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976); *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir. 1981); *Lee v. Willins,* 617 F.2d 320, 321–22 (2d Cir.) *cert. denied,* —— U.S. ——, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980); *Briggs v. Goodwin,* 569 F.2d 10, 21 (D.C.Cir.1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978).

7. *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir. 1981).

8. *Id.* at 1186; *Lee v. Willins,* 617 F.2d 320, 321 (2d Cir.), *cert. denied,* —— U.S. ——, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980).

9. *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir.); *Lofland v. Meyers,* 442 F.Supp. 955, 958 (S.D.N.Y.1977).

10. *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1976); *cf. id.* at 431 n.33, 96 S.Ct. at 995 n.33; *Briggs v. Goodwin,* 569 F.2d 10, 21 (D.C.Cir.1977), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133 (1978); *Fine v. City of New York,* 529 F.2d 70, 73–74 (2d Cir. 1975).

11. *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *see Owen v. City of Independence,* 445 U.S. 622, 633, 100 S.Ct. 1398, 1406, 63 L.Ed.2d 673 (1980).

12. *Turpin v. Mailet,* 619 F.2d 196, 200 (2d Cir. 1980).

supervisory indifference such as acquiescence in a prior pattern of misconduct.[13] Cerbone alleges neither an official policy of misconduct nor an unusually egregious incident of illegality. The mere failure of a county to supervise its employees to prevent a single constitutional deprivation is insufficient to impose § 1983 liability on that county.[14] At most, Cerbone alleges liability for the county under a theory of respondeat superior. Such a theory cannot support a § 1983 claim.[15] Accordingly, the claims against defendant County of Westchester are dismissed.

### Defense Counsel

Cerbone alleges that his court-appointed defense counsel, defendant Norman D. Himmelfarb, presented an inadequate defense of him in his state criminal trial and "possibly" conspired with District Attorney Vergari to secure his conviction. During the relevant period, Himmelfarb was an associate counsel at the Legal Aid Society of Westchester County and was on the panel of attorneys [16] from which the court appointed counsel to represent indigent defendants. Himmelfarb was appointed to represent Cerbone at his trial and retrial.

After each trial, Himmelfarb was paid for his services pursuant to County law.

A prerequisite to a § 1983 claim is that the defendant was acting under color of state law.[17] It is well established, however, that court-appointed counsel defending an accused does not act under color of state law.[18] Himmelfarb's actions thus were not under color of state law.

Cerbone also alleges, however, that "possibly" Himmelfarb conspired with Vergari to obtain his conviction. A private person who willfully participates in joint activity with a state agent meets the color of state law requirement.[19] Cerbone fails, however, to allege any facts to support this conjectural accusation of conspiracy. Vague and conclusory allegations of conspiracy do not suffice to establish a § 1983 claim.[20]

### Police Department

Finally, Cerbone alleges that the Police Department for the Village of Pelham Manor illegally arrested him and "fabricated" a witness who illegally identified him. At a hearing prior to his state criminal trial be-

---

13. *Id.; Owens v. Haas,* 601 F.2d 1242, 1246–47 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979).

14. *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979).

15. *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 663 n.7, 98 S.Ct. 2018, 2022, 56 L.Ed.2d 611 (1978); *Leonhard v. United States,* 633 F.2d 599, 622 (2d Cir. 1980); *Turpin v. Mailet,* 619 F.2d 196, 199 (2d Cir. 1980); *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979).

16. The panel was organized pursuant to Article 18–B of the New York State County Law. Attorneys are compensated for their services pursuant to New York State County Law § 722–b.

17. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Graseck v. Mauceri,* 582 F.2d 203, 207 (2d Cir. 1978), *cert. denied,* 439 U.S. 1129, 99 S.Ct. 1048, 59 L.Ed.2d 91 (1979); *Lefcourt v. Legal Aid Society,* 445 F.2d 1150, 1154 (2d Cir. 1971).

18. *Housand v. Heiman,* 594 F.2d 923, 925 (2d Cir. 1979); *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir. 1975); *Lefcourt v. Legal Aid Society,* 445 F.2d 1150, 1153- 57 (2d Cir. 1971); *Harris v. Ward,* 418 F.Supp. 660, 661 (S.D.N.Y. 1976).

19. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Price,* 383 U.S. 787, 794 & n.7, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966); *Fine v. City of New York,* 529 F.2d 70, 74 (1975); *Weiss v. Willow Tree Civic Ass'n,* 467 F.Supp. 803, 811 (S.D.N.Y.1979); *Harris v. Ward,* 418 F.Supp. 660, 661 (S.D.N.Y.1976); *Gras v. Stevens,* 415 F.Supp. 1148, 1152 (S.D.N.Y.1976) (three-judge court).

20. *Fine v. City of New York,* 529 F.2d 70, 74 (2d Cir. 1975); *Powell v. Jarvis,* 460 F.2d 551, 553 (2d Cir. 1972); *Powell v. Workmen's Compensation Bd.,* 327 F.2d 131, 137 (2d Cir. 1964); *Weiss v. Willow Tree Civic Ass'n,* 467 F.Supp. 803, 811 (S.D.N.Y.1979); *Harris v. Ward,* 418 F.Supp. 660, 662 (S.D.N.Y.1976).

fore the Westchester County Court, Cerbone's attorney urged that his arrest had been illegal and had tainted a subsequent identification of him, that a "show-up" at police headquarters had been unduly suggestive, and that the identifying witness had no recollection of Cerbone independent of the "show-up." The County Judge held that Cerbone's arrest had not violated his Fourth Amendment rights and that, although the "show-up" at police headquarters had violated Cerbone's due process rights, the identifying witness had an independent source of recollection and thus would be permitted to testify as to identification at the trial. Defendant Village of Pelham Manor argues that the doctrine of collateral estoppel precludes relitigating these issues in this action.

 The doctrine of collateral estoppel forecloses a party from relitigating an issue that has already been determined against him in an earlier judgment on another cause of action.[21] The Supreme Court recently held that collateral estoppel applies in civil rights cases when a constitutional claim has already been determined, after a full and fair hearing, adversely to a litigant in a prior criminal proceeding.[22] Although the appeal from Cerbone's conviction re-

mains unperfected, the conviction's collateral estoppel effect is unaffected. Despite the unresolved controversy over whether the federal or state rule of collateral estoppel governs a § 1983 challenge to a state conviction,[23] both the federal and the New York rules hold that, unless de novo review is permitted on appeal, the pendency of an appeal does not suspend the collateral estoppel effect of an otherwise final judgment.[24]

 New York law on collateral estoppel, consistent with federal law, requires that the party against whom a prior judgment is asserted must have had a "full and fair opportunity" to litigate the relevant issues in the first suit.[25] One factor in determining whether a party received a full and fair opportunity to litigate his claim is the adequacy of the representation afforded him.[26] Although Cerbone alleges that his defense counsel presented an inadequate defense at his prior trial, there is not the slightest factual support for this claim other than its mere assertion. It would enfeeble the collateral estoppel rule if unsupported and conclusory allegations could call into question a litigant's past opportunity fully and fairly to litigate his case,[27] partic-

21. *Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970).

22. *Allen v. McCurry*, —— U.S. ——, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). *See also Winters v. Lavine*, 574 F.2d 46, 58 (2d Cir. 1978); *Turco v. Monroe County Bar Ass'n*, 554 F.2d 515, 520 (2d Cir.), *cert. denied*, 434 U.S. 834, 98 S.Ct. 122, 54 L.Ed.2d 95 (1977); *Lombard v. Board of Educ.*, 502 F.2d 631, 636–37 (2d Cir. 1974), *cert. denied*, 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975).

23. *See Winters v. Lavine*, 574 F.2d 46, 54–55 (2d Cir. 1978); *Rodriguez v. Beame*, 423 F.Supp. 906, 907 (S.D.N.Y.1976). *See generally* 28 U.S.C. § 1738 (1976).

24. *Huron Holding Co. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188–89, 61 S.Ct. 513, 515–16, 85 L.Ed. 725 (1941); *Neeld v. National Hockey League*, 439 F.Supp. 446, 450 n.4 (W.D.N.Y. 1977); *Rodriguez v. Beame*, 423 F.Supp. 906, 908 (S.D.N.Y.1976); *United States v. Nysco Laboratories, Inc.*, 215 F.Supp. 87, 89 (E.D.N. Y.), *aff'd*, 318 F.2d 817 (2d Cir. 1963); *Interna-*

*tional Carrier-Call & Television Corp. v. Radio Corp. of Amer.*, 51 F.Supp. 156, 157 (S.D.N.Y. 1943); *Parkhurst v. Berdell*, 110 N.Y. 386, 392, 18 N.E. 123 (1888); *Engel v. Aponte*, 51 A.D.2d 989, 380 N.Y.S.2d 739, 740 (2d Dep't 1976); *Klein v. Oscar Gruss & Son*, 18 A.D.2d 1085, 239 N.Y.S.2d 434, 435 (2d Dep't 1963); *Duverney v. State*, 96 Misc.2d 898, 410 N.Y.S.2d 237, 245 (Ct.Cl.1978). *But cf. Duverney v. State*, 96 Misc.2d 898, 410 N.Y.S.2d 237, 246 (Ct.Cl. 1978).

25. *Winters v. Lavine*, 574 F.2d 46, 58 n.14 (2d Cir. 1978); *Schwartz v. Public Administrator of County of Bronx*, 24 N.Y.2d 65, 71, 298 N.Y. S.2d 955, 960, 246 N.E.2d 725, 729 (1969).

26. *Schwartz v. Public Administrator of County of Bronx*, 24 N.Y.2d 65, 72, 298 N.Y.S.2d 955, 961, 246 N.E.2d 725, 730 (1969).

27. *Cf. Ostrer v. Aronwald*, 567 F.2d 551, 553 (1977); *Morpurgo v. Board of Higher Educ. of City of New York*, 423 F.Supp. 704, 711 (S.D.N. Y.1976).

ularly since the burden of showing that one has been denied a full and fair opportunity rests with the litigant opposing application of collateral estoppel.[28]

■ Accordingly, the County Court's ruling that Cerbone's arrest was consistent with constitutional requirements of the Fourth Amendment precludes Cerbone from challenging the constitutionality of that arrest in this action. Moreover, although the County Judge ruled that the "show-up" did not meet up to constitutional standards, he also held that the identifying witness had an independent recollection of Cerbone. Cerbone does not allege that the evidence from the "show-up" itself was introduced at his trial or that any harm resulted from it. The mere failure of a "show-up" to pass constitutional requirements, without a showing of resulting prejudice, does not establish a constitutional deprivation.[29] The constitutional guarantee against a pretrial confrontation "that is unnecessarily suggestive and conducive to irreparable mistaken identification"[30] does not exist *in vacuo* but is meaningful only by reference to the right of an accused to a fair trial, of which it is a corollary.[31] No violation of the due process clause occurs unless an improper identification has some prejudicial impact on an accused's defense.[32] The preclusive effect of the County Court's pretrial rulings thus also requires dismissing Cerbone's § 1983 claims against the Village of Pelham Manor.

The complaint thus is dismissed in its entirety: defendants' motions are granted and plaintiff's motion is denied.

So ordered.

---

**28.** *Schwartz v. Public Administrator of County of Bronx*, 24 N.Y.2d 65, 73, 298 N.Y.S.2d 955, 962, 246 N.E.2d 725, 729 (1969).

**29.** *Cf. Pyles v. Keane*, 418 F.Supp. 269, 275 (S.D.N.Y.1976). *See generally United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1967).

**30.** *Kirby v. Illinois*, 406 U.S. 682, 691, 92 S.Ct. 1877, 1883, 32 L.Ed.2d 411 (1967).

**31.** *Pyles v. Keane*, 418 F.Supp. 269, 275 (S.D.N.Y.1976).

**32.** *Triplett v. Azordegan*, 570 F.2d 819, 822 (8th Cir. 1978); *Christman v. Hanrahan*, 500 F.2d 65, 67 (7th Cir. 1974); *Pyles v. Keane*, 418 F.Supp. 269, 275 (S.D.N.Y.1976); *Ransom v. City of Philadelphia*, 311 F.Supp. 973, 974 (E.D. Pa.1970); *Ambrek v. Clark*, 287 F.Supp. 208, 210 (E.D.Pa.1968).