Gary POUCHER, Plaintiff,

v.

INTERCOUNTY APPLIANCE CORP., Defendant.

No. 04 CV 3985(ADS)(ETB).

United States District Court, E.D. New York.

Oct. 8, 2004.

**252**

Gary Poucher, Corcoran, CA, Plaintiff Pro Se.

No Appearance for Intercounty Appliance.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Gary Poucher ("plaintiff" or "Poucher") commenced this action based on violations of 42 U.S.C. § 1983, accompanied by an application to proceed *in forma pauperis*. For the reasons stated below, the application is granted and the complaint is dismissed with prejudice.

## I. BACKGROUND

The plaintiff, who is incarcerated at a prison in California, filed his complaint, using a Clerk's Office prisoner civil rights 42 U.S.C. § 1983 form. He alleges that on June 22, 1998, while employed at Roel Transport, Inc., he delivered 80 standard size refrigerators from a manufacturer in Virginia to the premises of defendant Inter County Appliance Corporation in Commack, New York. Plaintiff states that there was nobody available to unload the merchandise, and that an office clerk in-

formed him "that he would have to unload the truck himself. If not he [the office clerk] would refuse the truck, and force him [the plaintiff] to wait until next week...."

Plaintiff further alleges that after unloading 80 refrigerators by himself, he suffered severe and permanent injuries as a result of the defendant's negligence. Plaintiff attached Exhibit "B" to the complaint, which consists of a verified complaint against the same defendant, that he filed in the Supreme Court, County of Nassau. In this complaint, the plaintiff alleges, *inter alia*, that the defendant failed to provide adequate and proper equipment for work that the plaintiff performed.

The plaintiff seeks $2,000,000 in monetary damages.

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of the plaintiff's declaration in support of his application to proceed *in forma pauperis,* the Court concludes that the plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, the plaintiff's request to proceed *in forma pauperis* is granted.

### B. 42 U.S.C. § 1983

It is well-settled that the Court is required to read the plaintiff's *pro se* complaint liberally. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court is further required to liberally construe a *pro se* plaintiff's papers " 'to raise the strongest arguments that they suggest.' " *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (quoting *Bur-*

gos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Further, at this stage of the proceedings, the Court assumes the truth of the allegations in the complaint. *See H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989); *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir.1999).

> Section 1983 provides, in relevant part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983.

█ Thus, to state a claim under Section 1983, a plaintiff must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. In general, private parties are not liable. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 838–42, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Here, the complaint fails to allege that the defendant acted as a state actor and that it acted under color of state "statute, ordinance, regulation, custom or usage."

█ Furthermore, it is well settled that claims under Section 1983 must be commenced within three years of the alleged violation. *See Harris v. City of New York*, 186 F.3d 243, 247–48 (2d Cir.1999) (stating that three years is the statute of limitations for a New York based Section 1983 cause of action); *Okure v. Owens*, 816 F.2d 45, 49 (2d Cir.1987) (stating the same). In this case, it appears that the plaintiff's claims arose out of events that occurred in 1998. The complaint was filed on September 14, 2004. Thus, the complaint is un-timely as a matter of law. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir.1995) (stating that a *sua sponte* dismissal is "appropriate if it appears from the face of the complaint that the action is barred ... by the statute of limitations"). Accordingly, the Section 1983 cause of action in the complaint is dismissed with prejudice.

## C. 28 U.S.C. § 1332

To the extent that the plaintiff is seeking to bring this action under 28 U.S.C. § 1332 (diversity of citizenship), based on the state law claim of negligence, such cause of action is dismissed without prejudice.

Section 1332 requires that the matter in controversy exceed $75,000 and that the plaintiff and the defendant are citizens of different states. 28 U.S.C. § 1332(a)(1).

█ It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile. *See* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37(8)(a) (3d ed.1999) (collecting cases). In some jurisdictions, the rule that prisoners retain their former domicile has taken the form of an irrebuttable presumption. *See id.* ¶ 102.37(8)(b). However, in the Second Circuit, along with three other circuits, the presumption is rebuttable; thus, although a prisoner is presumed to retain his former domicile, he can attempt to demonstrate that he has established a new domicile in his state of incarceration. *See Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir.1979) (embracing the practice of "allowing a prisoner to try to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration"); *see also Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991) ("The presumption is rebuttable—a prisoner might for example decide

he wanted to live in another state when he was released and the federal prison authorities might therefore assign him to a prison in that state, and that would be the state of his domicile."); *Jones v. Hadican,* 552 F.2d 249, 251 (8th Cir.1977) ("While retaining the usually valid presumption that a prisoner retains his pre-incarceration domicile, [the rebuttable presumption rule] is sufficiently flexible to allow a prisoner to show truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration."); *Stifel v. Hopkins,* 477 F.2d 1116, 1126 (6th Cir.1973) ("We recognize the importance of considering physical or legal compulsion in determining whether domicile is gained or lost, but we limit the application of involuntary presence to its operation as a presumption ordinarily requiring more than unsubstantiated declarations to rebut.").

On its face, Poucher's complaint does not adequately allege diversity of citizenship. In order for a prisoner to establish diversity jurisdiction based on the theory that his place of incarceration is his domicile, "the complaint must allege facts sufficient to raise a substantial question about the prisoner's intention to acquire a new domicile." *Jones,* 552 F.2d at 251. Poucher "does not allege diversity of citizenship nor does he make clear in his pleadings on what facts a diversity claim could be based." *Housand,* 594 F.2d at 925.

■ According to Exhibit B of the complaint, the plaintiff was a resident of Nassau County (prior to his incarceration) and the defendant was a domestic corporation incorporated under the laws of New York. Because the plaintiff and the defendant are citizens of New York, there is no diversity of citizenship. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 68 (2d Cir. 1990). Accordingly, diversity jurisdiction does not exist.

### D. Leave to Amend

In accordance with the Second Circuit's preference for adjudication of cases on the merits, and that Court's holding that a district court abuses its discretion when it dismisses a complaint, but does not grant leave to amend, *see Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988), the Court grants the plaintiff leave to amend his complaint within thirty days from the date of this Order. The amended complaint shall correct the pleading deficiencies discussed in this opinion. In the event that the complaint is not filed within thirty days, this action will be dismissed with prejudice.

### III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that plaintiff's request to proceed *in forma pauperis* is granted; and it is further

**ORDERED,** that the agency holding the plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

**ORDERED,** that the superintendent of the facility in which the plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this order, in accordance with the plaintiff's previously submitted authorization form; and it is further

**ORDERED,** that the Court *sua sponte* dismisses the § 1983 claim with prejudice; and it is further

**ORDERED** that the Court *sua sponte* dismisses the possible state-law negligence claim without prejudice; and it is further

ORDERED, that pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend the complaint is granted in order to remedy the pleading deficiencies discussed herein, provided that the amended complaint is filed within thirty days from the date of this Order; and it is further

ORDERED, that if the amended complaint is not submitted within that time prescribed above, the complaint shall be dismissed with prejudice, and the Clerk of the Court shall close this case; and it is further

ORDERED that the Clerk of the Court shall mail a copy of this Order, together with the plaintiff's authorization, to the superintendent of the facility in which the plaintiff is incarcerated and to the plaintiff; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to the plaintiff by regular first class mail and by certified mail, return receipt requested.

SO ORDERED.