Alexander Ifeanyi IJEMBA,
Plaintiff–Appellant,

v.

Jeffrey LITCHMAN & Serita Kedia,
Defendants–Appellees.

No. 02–0048.

United States Court of Appeals,
Second Circuit.

March 9, 2005.

**6**

On submission (Alexander I. Ijemba, Fort Dix, NJ), for Appellant, pro se.

Present: JACOBS, CALABRESI, and POOLER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED in part.

Alexander Ijemba appeals a January 10, 2002 order of the United States District Court for the Southern District of New York (Mukasey, *C.J.*), dismissing Ijemba's complaint for lack of subject matter jurisdiction and, alternatively, on statute of limitations grounds. We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal. "We review 12(b)(1) dismissals de novo on the law, and for clear error on the facts." *Scherer v. Equitable Life Assur. Soc'y of the United States,* 347 F.3d 394, 397 (2d Cir.2003).

In dismissing Ijemba's allegation that the defendants violated his constitutional rights, the district court correctly: (i) construed those claims as actions pursuant to 42 U.S.C. § 1983; and (ii) found that it lacked federal question jurisdiction over those claims, as the defendants are private parties and there is no allegation that they were acting under the color of state law. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were

deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.").

■ The district court erred, however, in dismissing Ijemba's remaining claims for lack of diversity jurisdiction without allowing Ijemba an opportunity to remedy his defective pleadings. As to the jurisdictional amount:

A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. This burden is hardly onerous, however, for we recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy. To overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show "to a legal certainty" that the amount recoverable does not meet the jurisdictional threshold.

*Scherer,* 347 F.3d at 397 (internal citations and quotation marks omitted). Ijemba seeks to recover the $10,000 retainer he paid to the defendants, as well as other damages he allegedly incurred due to the defendants' misconduct. On the current record and the arguments present to us, we are unable to ascertain "to a legal certainty" that Ijemba's potential recovery is less than $75,000. *Id.* at 397. As to the citizenship of the parties, the complaint lists a New York address for the defendants and a New Jersey address for Ijemba, where he is currently incarcerated. From this information, the district court inferred that complete diversity was not satisfied. However, Ijemba's allegations leave open the possibility that Ijemba's domicile is a state other than New York. *See Housand v. Heiman,* 594 F.2d 923, 925 (2d Cir.1979). Under the circumstances, the district court should have provided Ijemba with an opportunity to replead the diversity requirements with greater specificity.

■ Finally, the district court correctly dismissed Ijemba's legal malpractice claim on the ground that it is barred by the New York statute of limitations; but Ijemba raises several causes of action in his complaint, only one of which expressly sounds in legal malpractice. "To determine which state's law applies, a federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits. Under New York's 'borrowing statute,' N.Y. C.P.L.R. § 202, a case filed by a non-resident plaintiff requires application of the shorter statute of limitations period, as well as all applicable tolling provisions, provided by either New York or the state where the cause of action accrued." *Cantor Fitzgerald v. Lutnick,* 313 F.3d 704, 710 (2d Cir.2002) (internal citation and footnote omitted). The district court made no findings as to where or when Ijemba's non-malpractice causes of action accrued, and thus did not address whether Ijemba filed his complaint within the applicable statute(s) of limitations.

For the reasons set forth above, the dismissal of Ijemba's constitutional and legal malpractice claims is hereby **AFFIRMED,** and the dismissal of Ijemba's other claims is **VACATED** and **REMANDED** for further proceeding consistent with this order.