**Lorraine DUBOYS, as next friend of Howard DUBOYS, Plaintiff,**

v.

**Margaret Ann BOMBA, Alan E. Silver, Guy T. Parisi ["law defendants"], Sheldon Masser [fiduciary], State of New York, Unified Court System Office of Court Administration [administrative agency] Diane A. Lebedeff,**

Eve Preminger [judges of the Unified Court System] "John Does" 1 Through 5, "Jane Does" 1 Through 5, "Richard Roes" 1 Through 5, "Mary Roes" 1 Through 5, United Jewish Appeal and United Jewish Appeal–Federation of Jewish Philanthropies of New York, Inc. [alleged beneficiaries of converted estate], Defendants.

No. 01 CIV.5448(VM).

United States District Court, S.D. New York.

May 2, 2002.

Lorraine Duboys, Brighton, MA, pro se.

### DECISION AND ORDER

MARRERO, District Judge.

On January 31, 2002, the Court issued a Decision and Order in the above-captioned matter, reported as *Duboys v. Bomba,* No. 01 Civ. 5448, 2002 WL 146483 (S.D.N.Y. Jan.31, 2002) (the "Decision" or *"Duboys "*). The Decision noted a number of critical jurisdictional and threshold legal deficiencies in Duboys's complaint. Nevertheless, the Court identified two specific grounds upon which relief could be predicated in theory, if Duboys had specific knowledge of facts properly asserted in an amended complaint. The Court dismissed the complaint with leave to replead consistent with the detailed instructions in the Decision.

Plaintiff *pro se,* Lorraine Duboys ("Duboys") filing as next friend of Howard Duboys, now returns to the Court with an amended complaint which is roughly twice the length of the original complaint and which largely ignores the specific instructions set forth in the Decision. Rather than adhering to the Court's directions to cure the deficiencies in the aspects of the complaint the Court signaled may be remediable, Duboys added new claims pursuant to 42 U.S.C. § 1985(3) ("§ 1985(3)") and for declaratory relief that show no more legal sufficiency than the pleadings the Court dismissed. Furthermore, Duboys provided no specific allegations necessary to sustain any of the federal causes of action against the remaining defendants. Arguably, the only notable decision on Duboys's part responsive to the Court's guidance is that she did not replead her legally untenable claims against Allan Silver and the New York State Office of Court Administration, the claims for monetary damages against the State Court Judges for acts taken within the scope of their official duties and the claims against twenty unnamed defendants for conduct not sufficiently specified or linked to the underlying events.

Upon careful review of the allegations in the amended complaint, including the additional causes of action, the Court finds that Duboys's claims continue to lack any cognizable or even arguable basis in law. After exhausting her New York State court appeals in connection with the same matters raised here and after the filing of two jurisdictionally and legally defective complaints, Duboys's action remains frivolous. *See Neitzke v. Williams,* 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citations omitted); *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir. 2000). For the reasons set forth below, the amended complaint is dismissed with prejudice.

### DISCUSSION

For purposes of the present analysis, the remaining defendants may grouped into two categories. First, Justice Diane A. Lebedeff and Surrogate Eve Preminger

are judges in the Supreme Court, New York County and the Surrogate's Court, New York County, respectively. Duboys seeks declaratory relief against the Judges for their orders and judgments issued in connection with two prior state court proceedings. Second, with the exception of Allan Silver, the "Private Individual Defendants" remain as defendants in the amended complaint.[1] Duboys asserts claims pursuant to 42 U.S.C. § 1983 (" § 1983") and § 1985(3) against them for their participation in the guardianship and probate proceedings in state court.

### A. THE JUDGES

Although Duboys has abandoned her claim for monetary damages against Justice Lebedeff and Surrogate Preminger, they remain as defendants for purposes of her claim for declaratory relief pursuant to 28 U.S.C. § 2201. Specifically, Duboys seeks a judgment from this Court that New York Civil Practice Law and Rules ("CPLR") § 320 was unconstitutional as applied to the waiver of her jurisdictional challenges.[2] Furthermore, Duboys seeks "[v]acatur of all decisions, orders and decree rendered by LEBEDEFF and PREMINGER, which were unauthorized, lacking lawful constitutional and/or statutory jurisdiction initially . . . ." [3]

Whether her claim is couched as one for monetary damages or for declaratory relief is irrelevant because the claims against the Judges, as asserted here, are untenable. The constitutional challenge and the vacatur of the state court decisions and orders would require this Court to review on the merits the proceedings be-

low. The precise issue of the legality of the state court decisions and orders were fully and fairly addressed in the state court proceedings and the subsequent appeals. Therefore, a review in this Court of the decisions and orders below would contravene the bedrock principle of *res judicata* and the *Rooker–Feldman* doctrine.

Recently, this Court had occasion to address in depth the scope and nuances of these related doctrines. *See Harris v. New York State Department of Health*, 202 F.Supp.2d 143 (S.D.N.Y.2002). A lengthy repetition of the Court's discussion is unnecessary here, for it suffices to say that the principle of *res judicata* and the *Rooker–Feldman* doctrine intersect neatly in the present case and provide alternate grounds for dismissing Duboys's claims against the Judges. *See Harris*, 202 F.Supp.2d at 150–63; *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Moccio v. New York State Office of Court Administration*, 95 F.3d 195, 197 (2d Cir.1996).

Duboys's claims for declaratory relief and a finding of the unconstitutionality of CPLR § 320 as applied are based on the same core facts upon which the state court decisions were rendered—that is, the alleged improprieties in the guardianship and probate proceedings. Thus, the claims against the Judges would require unnecessary relitigation of matters already fully and fairly considered in the state

---

**1.** *See Duboys*, 2002 WL 146483, at *2. The remaining Private Individual Defendants are Margaret Ann Bomba, Guy T. Parisi, Sheldon Masser, United Jewish Appeal ("UJA") and United Jewish Appeal–Federation of Jewish Philanthropies of New York, Inc. ("UJAF").

**2.** Am. Compl., at 50.

**3.** *Id.*

court judgments. *See Harris,* 202 F.Supp.2d at 172. Furthermore, Duboys's claims are in essence a request for direct or indirect appellate review of final state court judgments, and the federal claims before this Court are inextricably intertwined with the merits of the state court adjudication. *See Harris,* 202 F.Supp.2d at 163–64. Under the circumstances, an adjudication of the claims against the Judges in this Court would trample upon the established principle of *res judicata* and the *Rooker–Feldman* doctrine. For these reasons, the claim for declaratory relief against the Judges and the constitutional challenge to Duboys's waiver of jurisdiction are dismissed.

## B. § 1983 CLAIMS AGAINST THE PRIVATE INDIVIDUAL DEFENDANTS

■ As the Court noted in the Decision, private individuals ordinarily are not liable under § 1983 unless plaintiff avers willful joint activity with the state. *Duboys,* 2002 WL 146483, at *3. To sustain a § 1983 action against private defendants, the Court cautioned Duboys that she would have to aver a "sufficiently close nexus between [the defendants] and the state such that their actions may fairly be treated as those of the state's." *Id.* Although Duboys's complaint fell far short of establishing the required connection, the Court granted leave to replead for the limited purpose of permitting Duboys to assert facts, to the extent that she had personal knowledge of them, that would establish a close nexus between the Private Individual Defendants and the state sufficient to establish liability under § 1983. *Id.*

■ In her amended complaint, Duboys includes a section titled "Nexus" and fur-

ther alleges that because Masser, and later Parisi, were court-appointed fiduciaries, they assume the character of the state sufficient to confer liability under § 1983.[4] With respect to the argument that a court appointment as a fiduciary is sufficient to endow private defendants with the character of the state, there is simply no basis in law for such a proposition. On the contrary, the law in this Circuit consistently holds that a court appointment of a private individual is not sufficient to establish state action. *Housand v. Heiman,* 594 F.2d 923 (2d Cir.1979) (court-appointed attorneys are not state actors); *Forde v. Mellor,* No. 90 CV. 4144, 1990 WL 270789 (E.D.N.Y. Dec.10, 1990) (same); *see also Elmasri v. England,* 111 F.Supp.2d 212 (E.D.N.Y.2000) (court-appointed guardian and psychologist are not state actors for purposes of § 1983).

■ Furthermore, despite Duboys's cosmetic attempt at establishing the required nexus between the private defendants and the state, the amended complaint alleges nothing of substance, and taken as a whole, the allegations in the complaint fail to establish any basis for liability against the Private Individual Defendants pursuant to § 1983. Specifically, Duboys contends that certain orders and judgments of Justice Lebedeff—purportedly not filed properly—permitted defendants Masser and Bomba to exercise control of the disputed estate, thus providing the required nexus.[5] These clarifications substantiate nothing more than that Justice Lebedeff, in the exercise of her official functions, issued judgments and orders in some judicially-recognized form and that the private defendants, acting in response to or in contemplation of those decisions, separately and independently performed

---

4.   Am. Compl. ¶¶ 82, 84.

5.   *Id.*

their appointed tasks as guardian and fiduciary.[6] The issuance of orders and judgments cannot form the basis, without more, of willful joint activity between private individuals and the state.

For these reasons, the claims against the Private Individual Defendants pursuant to § 1983 are dismissed.

### C. § 1985(3) CLAIMS AGAINST THE PRIVATE INDIVIDUAL DEFENDANTS

In the amended complaint, Duboys asserts an additional claim for an alleged conspiracy on the part of defendants Masser, Bomba and Parisi to deprive Howard Duboys of his rights under the Due Process Clause. As alleged, this additional claim under § 1985(3) is similarly untenable.

■ In order to establish a claim under § 1985(3), Duboys must allege that defendants (1) engaged in a conspiracy; (2) acted for the purpose of depriving a person of equal protection of the laws or equal privileges and immunities; (3) acted in furtherance of the conspiracy; and (4) caused plaintiff injury with respect to his person or property, or was deprived of a right or privilege of a citizen of the United States. *Mass v. McClenahan*, 893 F.Supp. 225, 231 (S.D.N.Y.1995). Although private individuals may be liable under § 1985(3), the Supreme Court has clarified the scope of the statute to give effect to the purpose of condemning conspiracies that are aimed at depriving the enjoyment of equal rights and protections for all persons. Otherwise, § 1985(3) could be inappropriately applied to punish "an assault and battery when committed by two or more persons

within a State." *Griffin v. Breckenridge,* 403 U.S. 88, 101–02, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Accordingly, the Supreme Court has required a specific showing of a racial, or otherwise class-based, invidiously discriminatory animus in order to sustain an allegation of conspiracy under § 1985(3):

> That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others... The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.

*Id.* at 102, 91 S.Ct. 1790 (citations omitted).

■ In light of the Supreme Court's clarification, Duboys's allegation of conspiracy in violation of § 1985(3) fails. The amended complaint does not allege any racial or class-based, invidiously discriminatory animus. Under the circumstances, it would appear that no such animus could exist. Howard Duboys, as the real party in interest, is merely a person who passionately and vigorously contests New York State probate proceedings which allegedly stripped him of his promised inheritance. These characteristics do not lend

---

**6.** The realm of possibilities for judgments and orders includes bench rulings or brief written orders; on the record or off the record; and contemporaneously or subsequently filed. The fact that Duboys labels these judgments and orders "unfiled" is of no legal consequence if the Judges were acting in their official capacities and there is no substantial allegation of a nexus between the Private Individual Defendants and the Judges.

themselves to the sort of race or class-based animus required by § 1985(3).

In short, none of the federal claims in Duboys's amended complaint have any arguable basis in the law. For these reasons, the Court declines to exercise supplemental jurisdiction over the balance of Duboys's state law claims.

## CONCLUSION AND ORDER

For the reasons set forth above, it is hereby

**ORDERED** that plaintiff's amended complaint is dismissed with prejudice; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**