Ivette LEON, for herself and in representation of her minor daughter Miliana Montañez–Leon, Plaintiffs,

v.

CARIBBEAN HOSPITAL CORPORATION d/b/a Hospital General San Carlos; Corporacion Insular De Seguros; Dr. Hector R. Pesquera–Sevilla; Dr. Fernando Vizcarrondo; Dr. Felix Ramirez; Dr. Jorge Melendez–Bonilla and X Y Z Insurance Companies, Defendants.

Civ. No. 91–1956CCC.

United States District Court,
D. Puerto Rico.

April 5, 1994.

Alberto J. Pérez–Hernández, Law Office David Efrón, for plaintiffs.

Efrén T. Irizarry–Colón, Antonio Montalvo–Nazario, Roberto Ruiz–Comas, Francisco J. Colón–Pagán, José A. Lugo, Luis Sánchez–Betances, Rafael Fuster–Martínez, for defendants.

## ORDER

CEREZO, Chief Judge.

This action is before us on a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendant Héctor R. Pesquera–Sevilla (docket entry 9).[1] Plaintiffs opposed the motion. Discovery was allowed and a hearing was held by the Magistrate Judge on the central issue of whether or not there was diversity jurisdiction at the time the complaint was filed. The Magistrate filed his Report and Recommendation, (docket entry 91) recommending that the complaint be dismissed because of lack of diversity between the parties. Plaintiffs filed objections to the report and recommendation, and defendants replied with objections to the objections.

We adopt the report of the Magistrate Judge and accept his recommendation that this action be dismissed because of lack of diversity.

This action arises from allegations of medical malpractice related to the death of plaintiff's husband on August 10, 1989. Ivette León alleges that on August 8, 1990, the date on which the complaint was filed, she was domiciled in Chicago, Illinois.

The factors to be weighed in determining domicile are stated in the report, *see also, e.g. Lundquist v. Precision Valley Aviation*, 946 F.2d 8 (1st Cir.1991). When making a checklist to determine, as in a case such as this where the plaintiffs are "domiciled"

1. This Motion was joined by co-defendants Félix Ramírez (docket entry 31), and Fernando Vizcarrondo (docket entry 90).

out of the jurisdiction only during the period surrounding the filing of the complaint, the court must not only weigh the quantity and quality of the ties to the new domicile but also the bridges to the former domicile that still remain.

In the case at bar, the ties to the new domicile can be characterized as superficial; easy to create, at little expense or inconvenience. Checking accounts are easily opened and closed. Obtaining credit cards and check cashing cards are quickly accomplished and may not even require residency in the area. Likewise, voter registration is indicative of very little for a person who has previously shown no interest in participating in the electoral process, and obtaining a driver's license is not necessarily a complicated procedure for one who already has the skills.

In evaluating the domicile of Ivette León and her daughter at the time the complaint was filed, it is more significant to examine, however, the bridges back to Puerto Rico that she failed to burn. She resigned from her job, but her employer expected her to return approximately September 1, 1992. It was her Puerto Rican checking account that was routinely as reflected by the activity in the check register used.[2] Although she rented out a small apartment which is part of her recently purchased house, she left her home, with all of the furniture, unoccupied. She did not even discontinue her utility services.[3] Therefore, allegations of attempts to rent the premises by word-of-mouth only are unconvincing. Likewise, her late model car was left in Puerto Rico, where it also was ready and waiting for her upon her return.

We find León's financial management particularly revealing. Her main source of income, social security payments, continued to be sent to her Puerto Rico address. Likewise, she did not file federal, state, or city tax return using her Illinois address, in addition to the filing of her Puerto Rico income return.

In sum, those ties created to Illinois contained no knots which could not be easily undone, while all evidence of domicile in Puerto Rico remained neatly in place awaiting their return.

Accordingly, for the reasons stated above as well as those stated in the Magistrate's report, we adopt his recommendation, find that plaintiffs were still domiciled in Puerto Rico at the time this complaint was filed, and GRANT defendants' motion to dismiss for lack of jurisdiction.

SO ORDERED.

At San Juan, Puerto Rico, on April 4th, 1994.

---

**2.** Her check register from the Illinois bank is virtually empty.

**3.** We do not consider León's cancellation of newspapers to be evidence of changing a domicile. It is a step many people take to save money or for security reasons when they merely go off on vacation.