# United States Court of Appeals
## For the First Circuit

No. 09-1354

KEVIN D. HALL,

Plaintiff, Appellant,

v.

JOHN CURRAN,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph N. LaPlante,  U.S. District Judge]

Before

Boudin, Selya and Howard,
Circuit Judges.

Kevin D. Hall on brief pro se.

March 24, 2010

**Per Curiam**.    Federal courts are courts of limited jurisdiction.  A cause of action may be maintained in federal court only if it involves a question of federal law, or if the controversy is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  This pro se prisoner's appeal raises the question of how citizenship of an incarcerated person is determined for diversity jurisdiction purposes under 28 U.S.C. § 1332(a)(1).  We adopt the prevailing test articulated in Smith v. Cummings, 445 F.3d 1254 (10th Cir. 2006), and affirm the district court's dismissal of appellant's complaint for lack of subject matter jurisdiction.

Appellant Kevin D. Hall lived in New Hampshire prior to his incarceration.  After he was transferred to Sing Sing penitentiary in New York State, Hall filed suit in federal district court against an attorney for the New Hampshire Department of Corrections ("DOC").  Hall's complaint alleged that this attorney had reneged on a promise in an earlier litigation (initiated when Hall was imprisoned in New Hampshire) to provide Hall with copies of his medical records in exchange for executing the forms that released those records to the attorney.

Hall's complaint alleged only state-law claims for fraud, breach of contract, and tortious interference with

beneficial contractual relations, and sought damages of $10 million.  The DOC attorney was the sole defendant; he worked and resided in New Hampshire and, for all intents and purposes, was a citizen of that state.  No federal question having been alleged, jurisdiction therefore depended on diversity of citizenship and an amount in controversy in excess of $75,000. 28 U.S.C. §§ 1331, 1332.

 After completing his initial review under 28 U.S.C. § 1915A and New Hampshire Local Rule 4.3(d)(2), the magistrate judge recommended that the complaint be dismissed for lack of subject matter jurisdiction because the controversy alleged was not between citizens of different states.  Hall timely objected and claimed that he would submit proof of his New York State citizenship.  Besides his unsupported statement that he had "agreed to a civil commitment placement" in New York State after his release from custody, Hall offered no evidence.  The district court, on de novo review, dismissed the complaint.

Under generally accepted principles, citizenship is determined by domicile, which can be established by demonstrating that the individual is physically present in the state and has an intent to remain indefinitely.  Garcia Perez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004); Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1029 (1st Cir. 1988).  In ordinary circumstances, all that is needed to change one's

domicile is physical presence in the new state and the intent to make that state one's home.  E.g., Rodriquez-Diaz, 853 F.2d at 1029.

Domicile is determined at the time the suit is filed. Garcia Perez, 346 F.3d at 350-51.  "Once challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence."  Id. at 350 (citing Bank One, Tex., N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992)).

In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state.  Smith, 445 F.3d at 1260 (citing Sullivan v. Freeman, 944 F.2d 334, 337 (9th Cir. 1991)).  That presumption is rebuttable, however.  Stifel v. Hopkins, 477 F.2d 1116, 1126-27 (6th Cir. 1973) ("a litigant will not be precluded from establishing a domicile within a state for purposes of diversity jurisdiction solely because his presence there initially resulted from circumstances beyond his control").  In order to overcome the presumption, the prisoner must offer more than conclusory statements and unsupported allegations.  "No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." Garcia Perez, 364 F.3d at 351 (citing Lundquist v. Precision

-4-

Valley Aviation, Inc., 946 F.2d 8, 12 (1st Cir. 1991), and Leon v. Caribbean Hosp. Corp., 848 F. Supp. 317, 318 (D.P.R. 1994) (favoring ties that "could not be easily undone" over more easily established ties)). Relevant factors for the district court to consider include "the prisoner's declaration of intentions, 'the possibility of parole ..., the manner in which [he] has ordered his personal and business affairs, and any other factors that are relevant to corroboration of [the prisoner's] statements.'" Smith, 445 F.3d at 1260 (quoting Stifel, 477 F.2d at 1126-27). See also Valedon Martinez v. Hosp. Presbiteriano de la Comunidad, Inc., 806 F.2d 1128, 1132 (1st Cir. 1986) ("All that is required is that the court afford the nonmoving party an ample opportunity to secure and present evidence relevant to the existence of jurisdiction.") (citations and quotations marks omitted).

In this matter, the district court gave Hall ample opportunity to present evidence to establish his citizenship in New York State. Although Hall promised to submit proof of his new domicile, he failed to do so. Because Hall failed to rebut the presumption that he is a citizen of New Hampshire, his domicile prior to his incarceration, there was no diversity of citizenship between the parties. The district court properly dismissed Hall's complaint for lack of subject matter jurisdiction.

**Affirmed**.