**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2266

JAMES FRANK PIERRO,
                                    Appellant

v.

ANGELA KUGEL; GEORGE KUGEL, Husband and Wife

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 09-cv-01686)
District Judge:  Honorable Dickinson R. Debevoise

Submitted Under Third Circuit LAR 34.1(a)
July 2, 2010

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Opinion Filed: July 6, 2010)

OPINION

BARRY, Circuit Judge

     Finding that it lacked subject matter jurisdiction, the District Court dismissed

Appellant James Pierro's complaint.  We will vacate and remand.

## I.

Pierro is a federal prisoner incarcerated in Virginia. He was sentenced to a term of imprisonment of 120 months by the United States District Court for the District of New Jersey. *See United States v. Pierro*, Cr. 04-714-01 (D.N.J. Mar. 16, 2005) (Judgment in a Criminal Case). In April 2009, while incarcerated, Pierro filed a complaint in federal court alleging that his sister and her husband, Angela and George Kugel, mismanaged his late mother's estate. The complaint alleged that Angela resided in New Jersey. The complaint asserted state law claims and federal diversity jurisdiction. The District Court dismissed the complaint for lack of subject matter jurisdiction, applying a *per se* rule that incarceration does not change a prisoner's domicile. Pierro timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's dismissal of a case for lack of subject matter jurisdiction. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 (3d Cir. 2008).

Diversity jurisdiction requires, among other things, that every plaintiff be diverse from each defendant. 28 U.S.C. § 1332(a)(1). "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

It is well-settled that, for purposes of diversity jurisdiction, citizenship means domicile, not residence. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). To

acquire a domicile, a person must be physically present in a state *and* intend to remain in that state. *Id.* "In determining an individual's domicile, a court considers several factors, including declarations, exercise of political rights, payment of personal taxes, house of residence, . . . place of business . . . location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quotation omitted).

This case presents the discrete question of whether, for purposes of diversity jurisdiction, a prisoner's citizenship may properly be based on his state of incarceration. The modern position – and that adopted by the majority of courts of appeals to have addressed this issue – is that the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment. That presumption, however, may be rebutted by showing a *bona fide* intent to remain in the state of incarceration on release. *See Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973); *see also Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006); *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 9 F.3d 1236, 1238 (7th Cir. 1993); *Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979) (per curiam); *Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977). We agree.

In adopting this position, the First Circuit stated, "[i]n order to overcome the presumption, the prisoner must offer more than conclusory statements and unsupported

allegations. No single factor is dispositive, and the analysis focuses not simply on the number of contacts with the purported domicile, but also on their substantive nature." *Hall v. Curan*, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam) (quotations omitted). Indeed, a prisoner must introduce more than mere "unsubstantiated declarations" to rebut the presumption. *Stifel*, 477 F.2d at 1126. And, as the Eighth Circuit noted, a prisoner must "show truly exceptional circumstances" to overcome the presumption. *Jones*, 552 F.2d at 251. In short, the presumption will not be easily rebutted.

Here, Pierro alleged only his and Angela's residency, not citizenship, and failed to allege facts demonstrating a *bona fide* intent to remain in Virginia. However, a court should ordinarily allow a plaintiff to amend his complaint to properly allege the parties' citizenship, unless amendment would be inequitable or futile. *See* 28 U.S.C. § 1653; *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Because the District Court *sua sponte* dismissed Pierro's complaint for lack of jurisdiction, we vacate and remand to permit Pierro to amend his complaint to allege his citizenship and that of Angela and George and any facts demonstrating his intent to remain in Virginia.