**Annie GABRIEL, Plaintiff,**

v.

**G2 SECURE STAFF, LLC and Jimmy Bien–Aime, Defendant.**

**CASE NO. 16–62542–CIV– DIMITROULEAS/Snow**

United States District Court, S.D. Florida.

Signed December 21, 2016

Gary Brian Englander, Englander Peebles, Fort Lauderdale, FL, for Plaintiff.

Emmet Jay Schwartzman, Carlton Fields Jorden Burt, P.A., Miami, FL, for Defendant.

1. John Doe has since been identified as Jimmy Bien–Aime, and he is indeed a Florida

## ORDER

LURANA S. SNOW, UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Plaintiff's Renewed Motion to Quash Subpoenas (ECF No. 37) which was referred to Lurana S. Snow, United States Magistrate Judge. The motion is ripe for consideration.

This negligence action was removed to this Court on October 27, 2016. (ECF NO. 1) On October 28, 2016, the Court *sua sponte* directed the Defendant to support its claim that the amount in controversy in this case exceeds the jurisdictional minimum. (ECF No. 4) In that Order, the Court noted that it was highly likely that once the John Doe Defendant was identified that Plaintiff's allegation that he is a Florida citizen would be substantiated and the case would be remanded for lack of diversity jurisdiction. Id. at n. 4. G2 Secure Staff, LLC contends however, that the Plaintiff is not a Florida citizen as alleged in her Complaint and that that jurisdiction is proper whether John Doe is a Florida citizen or not.[1] The parties are currently engaged in limited jurisdictional discovery, the deadline for completion of which is December 23, 2016. (ECF No. 29)

Through discovery, the Defendant hopes to prove that the Plaintiff is domiciled in California, rather than Florida as alleged in her Complaint. If Defendant is correct, then the parties are completely diverse and jurisdiction is proper so long as all other jurisdictional requirements are met.

The instant motion concerns Defendant's efforts to subpoena from Bank of America and Ventura County Credit Union "[a]ll monthly banking, lending, investment and credit card statements associated with [the

citizen.

Plaintiff], whether joint or individual accounts, and all applications for those accounts." The Plaintiff objects that the request is overbroad, not limited in time, seeks irrelevant information and is harassing in nature. Additionally, according to the Plaintiff the subpoena invades her right to privacy guaranteed by Article I, § 23 of the Florida Constitution and must be quashed pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iii). According to the Defendant, it offered to limit the time if Plaintiff would confirm when the accounts were opened, but Plaintiff declined to do so.

 The Court first notes that generally, an individual does not have standing to challenge a subpoena served on another, except when that individual has a personal right or privilege with respect to the matter of the subpoena. Barrington v. Mortgage IT, Inc., 2007 WL 4370647 (S.D. Fla., 2007). The Plaintiff certainly has a personal right or privilege with respect to her financial records and thus has standing to challenge the subpoenas here.

The Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies. Fed.R.Civ.P. 45(d)(3)(A)(iii). The Plaintiff cites Winfield v. Div. of Pari–Mutual Wagering, Dept. of Bus. Regulation, 477 So.2d 544, 548 (Fla. 1985) which holds that the Florida Constitution recognizes an individual's legitimate expectation of privacy in financial institution records for the proposition that the subpoenas must be quashed here. Article I, Section 23 of Florida's Constitution guaranties the right of every natural person to be free from governmental intrusion into his or her private life. In other words, it affords Floridians the right to be let alone from the government in their private lives. It does not similarly automatically protect a Plaintiff from discovery into her relevant financial transactions in civil litigation.

 "A person's domicile is the place of his true fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). The location of a party's brokerage and bank accounts is one of many factors courts consider when assessing the domicile of a party. Taylor v. American Heritage Church Finance, Inc., 2010 WL 2889694 at *2 (M.D. Fla., Jul. 19, 2010).

> [C]ourts have frequently considered the location of a party's bank accounts and the regularity of use of those accounts in determining whether that party intends to remain in a particular domicile in deciding that party's citizenship for purposes of diversity jurisdiction .... [R]ecords indicating the branches of Bank of America [a party] utilizes on a regular basis are relevant to the citizenship determination. [The party's] account statements from [the bank] would reveal that information and are therefore discoverable at this stage.

Old Towne Development Group, LLC v. Matthews, 2009 WL 2021723, at *2 (M.D. La., Jul. 9, 2009). When a party's domicile changes "during the period of time surrounding the filing of the complaint, the court must not only weigh the quantity and quality of the ties to the new domicile but also the bridges to the former domicile that still remain." Leon v. Caribbean Hosp. Corp., 848 F.Supp. 317, 318 (D. P.R. 1994). The undersigned agrees that Plaintiff's California bank accounts are likely examples of such bridges, and the course of her conduct with respect to those accounts both before and after she moved to Fort Lauderdale in August 2016 is likely relevant to determining whether she in-

tends to remain in Florida. Being fully advised, it is hereby

ORDERED AND ADJUDGED that the Plaintiff's Renewed Motion to Quash Subpoenas (ECF No. 37) is DENIED. However, the subpoenas shall be modified to limit the time period to between January 2015 to the present.

DONE AND ORDERED at Fort Lauderdale, Florida, this 21st day of December, 2016.