**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3595
_____

GARY E. VAUGHN, JR.,
                              Appellant
v.

TONIA N. VAUGHN; MUSTANG SALOON
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-14-cv-00243)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 23, 2016

Before:  CHAGARES, KRAUSE and ROTH, Circuit Judges

(Filed: January 4, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Gary Vaughn appeals from an order of the United States District Court for the Western District of Pennsylvania dismissing his complaint for lack of diversity jurisdiction. We will affirm.

Gary Vaughn initiated this action in 2014 while incarcerated at F.C.I. Fort Dix in New Jersey,[1] alleging that his wife, Tonia, who is domiciled in Pennsylvania, violated their pre-nuptial agreement. Prior to his incarceration, Gary was domiciled with Tonia and their son in Pennsylvania. On September 29, 2015, the District Court dismissed Vaughn's complaint for lack of diversity jurisdiction, finding him to be a citizen of Pennsylvania, and rejecting his "attempts to claim Maine citizenship on the basis of an alleged future intent to reside there." Following the District Court's denial of his motion for reconsideration, this timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of a complaint for lack of diversity jurisdiction. See Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008). Historical or chronological data which underline a court's determination are subject to the clearly erroneous rule, and we "will not disturb the judgment of the District Court unless we are left with the definite and firm conviction that a mistake has been committed in the District Court's factfinding." Id. (internal citations and quotations omitted).

---

[1] Gary Vaughn is currently serving a 72-month sentence imposed by the Middle District of Pennsylvania on money laundering and related charges. Gary and Tonia are awaiting trial on separate money laundering charges in the Western District of Pennsylvania, where Tonia is currently on pre-trial release.

There is no dispute that Tonia is domiciled in Pennsylvania. Therefore, as the proponent of diversity jurisdiction, and admitted citizen[2] of Pennsylvania prior to his incarceration, Gary Vaughn must "initially carry the burden of production to rebut the presumption in favor of an established domicile" – Pennsylvania – and then "carry the burden of persuasion by proving that a change of domicile occurred, creating diversity of citizenship." McCann v. Newman Irrevocable Trust, 458 F.3d 281, 289 (3d Cir. 2006). He must meet both burdens with a preponderance of the evidence. Id. at 290. And though a citizen can change his domicile instantly, "[t]o do so . . . he must take up residence at the new domicile, and he must intend to remain there. Neither the physical presence nor the intention to remain is alone sufficient." Krasnov v. Dinan, 465 F.2d 1298, 1300 (3d Cir. 1972).

Here, Vaughn contends that he "clearly meets the standard of rebuttal for citizenship with the averment that upon release, he would be returning to the State of Maine." But "[i]t is the citizenship of the parties at the time the action is commenced which is controlling," and Vaughn's mere expression of intent to take up residence in Maine, without more, is insufficient to establish his domicile there.[3] Id. Because he has

---

[2] Citizenship and domicile are synonymous terms for purposes of diversity jurisdiction. McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006).

[3] Vaughn relies on Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010), where a panel of this Court in a non-precedential opinion observed that "the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment. That presumption, however, may be rebutted by showing a bona fide intent to remain in the state of incarceration on release." Vaughn has expressed no intent to remain in New

3

offered no other evidence to rebut the presumption of Pennsylvania domicile, he has

failed to carry his burden. We will affirm the order of the District Court.

---

Jersey upon his release, but reads <u>Pierro</u> as permitting him to rebut the presumption of Pennsylvania domicile by expressing his intent to reside in another state – Maine – following his incarceration. He is mistaken. Domicile requires *both* physical presence and intent to remain.